Joseph Shapiro (13584)
Strong & Hanni, P.C.
102 S 200 E, Suite 800
Salt Lake City, UT 84111
801-323-2131
jshapiro@strongandhanni.com

Dustin R. DuFault (*pro hac vice*)
DuFault Law Firm, P.C.
PO Box 1219
Minnetonka, Minnesota 55345
952-935-4392
*DDuFault@DuFault-Law.com*

*Attorneys for Plaintiff Tatuyou, LLC*

## IN THE UNITED STATES DISTRICT COURT FOR THE
## FOR THE DISTRICT OF UTAH

_____

Tatuyou, LLC,

               Plaintiff,

v.

Saniderm Medical, LLC,

               Defendant.

_____

Case No. 2:19-cv-00633-CMR

**RESPONSE TO MOTION TO
DISMISS UNDER FRCP 12(b)(6)**

Plaintiff Tatuyou, LLC, ("Plaintiff" or "Tatuyou") hereby responds to defendant

Saniderm Medical, LLC's ("Defendant" or "Saniderm") Motion to Dismiss Under Fed.

R. Civ. P. 12(b)(6) For Failure to State a Claim (Dkt. 20) ("Motion").  As discussed

below, Defendant's motion is lacking both legally and factually, and therefore must be
<u>denied</u> in its entirety.

## I.    Plaintiff's Complaint Is Legally Sufficient Under Fed. R. Civ. P. 12(b)(6)

Complaints in patent infringement suits, and especially those involving design
patents, are relatively straightforward.  The Federal Circuit has repeatedly held that there
are five elements to a patent infringement pleading, namely to: (i) allege ownership of the
patent; (ii) name each defendant; (iii) cite the patent that is allegedly infringed; (iv) state
the means by which the defendant allegedly infringes; and (v) point to the sections of the
patent law invoked.  *See, e.g., Hall v. Bed Bath & Beyond, Inc.*, 705 F.3d 1357, 1362
(Fed. Cir. 2013).  These five elements provide "'enough detail to allow the defendants to
answer' and [] 'Rule 12(b)(6) requires no more.'" *Id.* (quoting *Phonometrics, Inc. v.
Hospitality Franchise Systems, Inc.*, 203 F.3d 790, 794 (Fed.Cir.2000)).

All five points are met in Plaintiff's Complaint (Dkt. 2).  To begin, there is the
identification of the patent at issue.  In its Complaint, Plaintiff clearly identifies U.S.
Design Patent No. D677,795 (hereinafter "the '795 patent").  Plaintiff has also clearly
stated that this is an action for patent infringement under 35 U.S.C. § 1 *et. seq.*, including
35 U.S.C. § 271.  Next, as statutory standing to bring a patent infringement suit is
conferred upon the owner of the patent under 35 U.S.C. § 281, Plaintiff has affirmatively
stated that it is the owner of the '795 patent.  Plaintiff has also alleged the identity of the

Defendant, where the Defendant resides, as well as the proper basis for subject matter and personal jurisdiction, including venue, under 28 U.S.C. §§ 1331, 1338(a), 1391 and 1400. Plaintiff has also alleged that the Defendant offers and sells tattoo bandage rolls which have substantially the same design as that of the '795 patent, and that such tattoo bandage rolls infringe the '795 patent.   In short, Plaintiff has alleged all the necessary legal requirements showing that it is entitled to relief, and its Complaint is therefore sufficiently plead under Fed. R. Civ. P 12(b)(6).

## II.    Defendant's Motion Under FRCP 12(b)(6) is Improper

In its Motion, though, Defendant erroneously complains that Plaintiff did not identify which of Defendant's products allegedly infringe the '795 patent, but then admits that the Complaint does identify "a tattoo bandage roll."   Defendant asserts that it "…sells and has sold numerous bandage rolls with different designs and features." Defendant's website, however, indicates that Defendant offers a total of only <u>four</u> bandage rolls, with the only difference between each roll being their length and width.[1] Moreover, from the end of this past October up until Defendant filed its present Motion, counsel for the parties were engaged in settlement discussions, which included Defendant reporting the number of tattoo bandage rolls sold by Defendant over the past several years.   Not only did Defendant provide such information, but at no time did counsel for Defendant raise any question as to what products of Defendant were at issue.   Plaintiff is therefore at a loss in understanding how on the one hand Defendant is able to conduct

---

[1] *See, e.g.,* https://saniderm.com/shop/

settlement discussions and provide sales figures on its tattoo bandage rolls, and yet on the other hand complain to this Court that Defendant is entirely unaware of which "unidentifiable product" is at issue.

Defendant has been on notice of the '795 patent, and its infringement thereof, since at least as far back as February of this year.  It was at that time that counsel for Plaintiff sent Defendant a cease-and-desist letter that not only identified that '795 patent, but also included a photo of the tattoo bandage roll product packaging, as well as a claim chart in which a side-by-side comparison of the Accused Product and the '795 patent was conducted.  In view of the foregoing, for the Defendant to now come and file its Motion, wherein it is essentially Defendant's position that Defendant has no idea what Plaintiff is complaining of, appears to run afoul of Rule 11.  Defendant clearly knows what product is at issue, and has known since last February.  Through correspondence between the parties, Defendant has never once given any indication that Defendant was unaware of what product Plaintiff was alleging to be infringing the '795 patent, and it begs credulity that that was the impetus behind filing this present Motion.

More important, Defendant's present Motion under Fed. R. Civ. P. 12(b)(6) is inappropriate.  To the extent that Defendant complains that Plaintiff's identification of "a tattoo bandage roll" is too vague, wherein Defendant admits in their Motion that Defendant does indeed sell "tattoo bandage rolls," then the proper motion would have been under Fed. R. Civ. P. 12(e), which states in part:

A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response.

Thus, if Defendant legitimately did not know which of its products were at issue—a position that would run contrary to discussions between Plaintiff's counsel over the past several months—then the proper motion would have been under Fed. R. Civ. P. 12(e).   Clearly, Defendant's concerns with Plaintiff's Complaint would more appropriately fall under Fed. R. Civ. P. 12(e) than under 12(b)(6), and the Motion should be denied on those grounds alone.

### III.   Claim Construction is Not Appropriate at Pleadings Stage

In its Motion, Defendant asserts that Plaintiff's Complaint did "…not identify a single design element found in the '795 patent or list which of those elements are found in the Accused Product."   To be clear, though, Plaintiff is not required *at the initial pleading stage* to present either shared design elements between the Accused Product and the '795 patent, or a side-by-side comparison of the same, as Defendant implies. Regarding the latter point, Defendant improperly relies upon the *Egyptian Goddess* and *Crocs* cases, which speak nothing about the pleadings, but instead are generally a critique of design patent claim construction, and are therefore inapposite to the present issues. *See Egyptian Goddess, Inc. v. Swisa, Inc.,* 543 F.3d 665 (Fed. Cir. 2008) ("We granted rehearing en banc in this design patent case to address the appropriate legal standard to be used in assessing claims of design patent infringement.")*; Crocs, Inc. v. Int'l Trade*

- 5 -

*Comm'n,* 598 F.3d 1294, 1303 (Fed. Cir. 2010) ("This case shows the dangers of reliance on a detailed verbal claim construction.")  The issues in *Egyptian Goddess* and *Crocs* had nothing to do with the pleadings, but instead dealt with various aspects of <u>claim</u> <u>construction</u> of design patents.  However, "…claim construction is <u>not</u> an essential element of a patent infringement complaint." *Hall*, 705 F.3d at 1362 (emphasis added).

### IV.   Plaintiff Amends Complaint

Notwithstanding the foregoing, and in an effort to avoid any further disputes on this issue, on December 27, 2019 Plaintiff filed an Amend Complaint under Fed. R. Civ. P. 15(a)(1)(B). Plaintiff's Amended Complaint (i) specifically identifies an exemplary product of Defendant that infringes the '795 patent and (ii) incorporates by reference the claim chart included with the February 1, 2019, cease-and-desist letter that counsel for Plaintiff sent to Defendant.  This claim chart provides a side-by-side comparison of the Accused Product and the '795 patent.  Defendant's concerns—legitimate or not—have thereby been clearly addressed and Defendant should be required to file its Answer.

### V.   Summary

In view of the foregoing, Defendant's Motion to Dismiss Under Fed. R. Civ. P. 12(b)(6) For Failure to State a Claim must be denied in its entirety.

Respectfully submitted,

Dated: December 27, 2019                    STRONG & HANNI, P.C.

*/Joseph Shapiro/*
Joseph Shapiro

DUFAULT LAW FIRM, P.C.

*/Dustin DuFault/*
Dustin R. DuFault

*Attorneys for Plaintiff*