Robert E. Aycock (8878)
William B. Chadwick (16416)
**PIA ANDERSON MOSS HOYT**
136 E. South Temple, Suite 1900
Salt Lake City, UT 84111
(801) 350-9000
raycock@pamhlaw.com
wchadwick@pamhlaw.com

*Attorneys for Saniderm Medical, LLC*

## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

| | |
|---|---|
| TATUYOU, LLC, a Minnesota limited liability company,<br><br>Plaintiff,<br><br>v.<br><br>SANIDERM MEDICAL, LLC, a Utah limited liability company.<br><br>Defendant. | **ANSWER TO AMENDED COMPLAINT AND COUNTERCLAIMS**<br><br>Case No. 2:19-cv-00633<br><br>Judge: Hon. Clark Waddoups |

Defendant Saniderm Medical, LLC ("*Saniderm*") hereby answers the allegations set forth in the Amended Complaint and asserts its affirmative defenses. Saniderm denies each allegation in the complaint unless expressly admitted.

### THE PARTIES

1. Saniderm is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 1 of the Amended Complaint and therefore, denies the same.

2. Admitted.

### JURISDICTION AND VENUE

3. Admitted

4. Admitted.

5. Admitted

6. Admitted.

7. Admitted.

## BACKGROUND

8. Saniderm admits that what appears to be a copy of United States Design Patent No. D677,795 (the "*'795 patent*") was attached to the filed Amended Complaint. Saniderm is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 8 of the Amended Complaint and therefore, denies the same.

9. Saniderm is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Amended Complaint and therefore, denies the same.

10. Admitted.

11. Admitted.

12. Saniderm is without information or knowledge sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Amended Complaint and therefore, denies the same.

13. Denied.

14. Denied.

15. Denied.

16. Saniderm admits that what appears to be a copy of a letter dated February 1, 2019 was attached to the filed Amended Complaint. Saniderm is without information or knowledge sufficient to form a belief as to the truth of the remaining allegations contained in paragraph 16 of the Amended Complaint and therefore, denies the same.

17. Saniderm admits that what appears to be a copy of United States Design Patent No. D677,795 was attached to a February 1, 2019 letter.

18. Denied.

19. Denied.

## CLAIM FOR RELIEF
### (Infringement of the '795 Patent)

20. Saniderm incorporates by reference the foregoing paragraphs as though fully set forth herein.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Denied.

26. Denied.

27. Denied.

## PRAYER FOR RELIEF

Saniderm denies all allegations and requests for relief listed in the "Prayer for Relief" in the Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

Saniderm does not infringe and has not infringed, under any theory of infringement (including directly, whether individually or jointly, or indirectly, whether contributorily or by inducement), any valid, enforceable claim of the '795 patent.

### SECOND AFFIRMATIVE DEFENSE

Each asserted claim of the asserted patent is invalid for failure to comply with one or more of the requirements of the United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 171, and the rules, regulations, and laws pertaining thereto.

### THIRD AFFIRMATIVE DEFENSE

To the extent that Tatuyou failed to properly mark any of its relevant products as required by 35 U.S.C. § 287 or otherwise give proper notice that Saniderm's actions alleged infringed the

'795 patent, Saniderm is not liable to Tatuyou for the acts alleged to have been performed before they received actual notice that they were allegedly infringing the asserted patent.

### FOURTH AFFIRMATIVE DEFENSE

Some or all of Tatuyou's asserted claims are barred because the '795 patent is invalid as the design disclosed therein is functional and not merely ornamental.

### FIFTH AFFIRMATIVE DEFENSE

Tatuyou's attempted enforcement of the '795 patent against Saniderm is barred by laches, estoppel, waiver, and res judicata.

### SIXTH AFFIRMATIVE DEFENSE

Tatuyou's claim for injunctive relief is barred because there exists an adequate remedy at law and Tatuyou's claims otherwise fail to meet the requirements for such relief.

### SEVENTH AFFIRMATIVE DEFENSE

Tatuyou's claims for damages are statutorily limited or barred by 35 U.S.C. § 286.

### EIGHTH AFFIRMATIVE DEFENSE

Tatuyou's Amended Complaint fails to state a claim upon which relief can be granted.

### NINTH AFFIRMATIVE DEFENSE

Some or all of Tatuyou's asserted claims are barred because there is no damage which stems directly or indirectly from any conduct complained of in the Amended Complaint and/or because of Tatuyou's failure to mitigate damages (should any damages exist).

### TENTH AFFIRMATIVE DEFENSE

Some or all of Tatuyou's asserted claims are barred because of Plaintiff's own bad faith, unlawful actions, unclean hands, and/or unjust enrichment.

## RESERVATION OF DEFENSES

Saniderm hereby reserves its right to add any further affirmative defenses that may come to fruition as a result of discovery.

## SANIDERM MEDICAL, LLC'S COUNTERCLAIMS

Saniderm Medical, LLC ("*Saniderm*") hereby sues and asserts the following Counterclaims against Tatuyou, LLC ("*Tatuyou*").

## THE PARTIES

1. Counterclaim Plaintiff Saniderm is a Utah Limited Liability Company having a registered address of 2141 Centennial Blvd., Saratoga Springs, Utah 84045.

2. Upon information and belief, Counterclaim Defendant is a Minnesota Limited Liability Company having a registered address of 6339 Saint Croix Trail south, Hastings, Minnesota 55033.

## JURISDICTION AND VENUE

3. This Court has personal jurisdiction over Tatuyou because Tatuyou is the named plaintiff in this action and has consented to the personal jurisdiction of this Court by filing its amended complaint for patent infringement against Saniderm (Dkt. 21).

4. Subject to Saniderm's defenses and denials, this Court has subject matter jurisdiction over the subject matter of these Counterclaims, without limitation, pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202 as they arise under an Act of Congress relating to patents and the Declaratory Judgment Act.

5. Venue is this District is appropriate over these Counterclaims because Tatuyou has consented to the proprietary of venue in this Court by filing its Complaint for patent infringement in this Court, in response to which these Counterclaims are asserted.

## BACKGROUND

6. In its Complaint, Tatuyou alleges that, by assignment, it is the owner of all the right, title, and interest in U.S. Patent No. D677,795 (the "*'795 patent*").

7. Tatuyou incorrectly alleges that Saniderm infringes the '795 patent.

## FIRST COUNTERCLAIM
### (Declaratory Judgment of Non-Infringement of the '795 Patent)

8. Saniderm incorporates re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

9. An actual case or controversy exists between Tatuyou and Saniderm as to whether the '795 patent has been infringed by Saniderm. Absent a declaration of non-infringement, Tatuyou will continue to wrongfully assert the '795 patent against Saniderm, and thereby, cause Saniderm irreparable injury and damage.

10. Saniderm has not infringed and does not infringe, either directly or indirectly, by inducement or contributorily, willfully or otherwise, any valid and enforceable claim of the '795 Patent, either literally or by the doctrine of equivalents.

11. Saniderm seeks a judicial declaration that it has not infringed and does not infringe any valid claim of the '795 patent so as to ascertain their rights regarding the '795 patent.

12. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Tatuyou filed its Complaint with knowledge of the facts stated in this Counterclaim.

## SECOND COUNTERCLAIM
### (Declaratory Judgment of Invalidity of the '795 Patent)

13. Saniderm incorporates re-alleges and incorporates by reference the foregoing paragraphs as though fully set forth herein.

14. An actual case or controversy exists between Saniderm and Tatuyou as to whether the claims of the '795 patent are invalid. Absent a declaration of invalidity, Tatuyou will continue to wrongfully assert the '795 patent against Saniderm, and, thereby, cause Saniderm irreparable injury and damage.

15. Saniderm seeks a judicial declaration that the claims of the '795 patent are invalid for failure to comply with one or more of the requirements of United States Code, Title 35, including without limitation, 35 U.S.C. §§ 101, 102, 103, 112, and 171 and the rules, regulations, and laws pertaining thereto.

16. This is an exceptional case under 35 U.S.C. § 285 including without limitation because Tatuyou filed its Complaint with knowledge of the facts stated in this Counterclaim.

## PRAYER FOR RELIEF

WHEREFORE, Saniderm respectfully prays for judgment against Tatuyou as follows:

a. Dismissing with prejudice all claims in Tatuyou's Complaint against Saniderm and a complete denial of Tatuyou's request for damages, costs, attorneys' fees, injunction, and any other form of relief;

b. A permanent injunction restraining Tatuyou and its respective officers, partners, employees, agents, parents, subsidiaries, and affiliates, and any other persons acting on its behalf or in concert with it, from charging, suing or threatening, orally or in writing, that the '985 patent has been infringed by Saniderm under any subjection of 35 U.S.C. §§ 271 or 281;

c. Declaring that Saniderm has not infringed, contributed to the infringement of, or induced others to infringe, willfully, literally or under the doctrine of equivalents, any valid claim of the '795 patent;

d. Declaring that all claims of the '795 patent are invalid;

e. Declaring that this is an exceptional case under 35 U.S.C. § 285 and awarding to Saniderm its reasonable costs and expenses of litigation, including but not limited to attorneys' fees and expert witness fees;

f.  Awarding to Saniderm its costs and disbursement in defending in this action brought by Tatuyou; and

g.  Awarding to Saniderm any and all further relief as this Court may deem just and proper.

## JURY DEMAND

Saniderm hereby demands a trial by jury on all issues properly triable to a jury.

DATED this 10th day of January, 2020.

          PIA ANDERSON MOSS HOYT


          */s/ Robert E. Aycock*
          Robert E. Aycock
          William B. Chadwick
          *Attorneys for Defendant Saniderm Medical, LLC*

## **CERTIFICATE OF SERVICE**

I hereby certify that an original copy of the foregoing **ANSWER AND COUNTERCLAIMS** was filed online on January 10, 2020 through the Court's website and was served through the Court's CM/ECF notification system by email on counsel of record.

*/s/ Hilda Echegaray*